

**IT IS ORDERED as set forth below:**

**Date: July 29, 2025**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE:

RENE PIERRE SOLOMON,

    Debtor.

CASE NO. 25-56148-PWB

CHAPTER 13

### ORDER DENYING STAY OF MATTERS IN MAIN BANKRUPTCY CASE AND THE CONFIRMATION HEARING

The Debtor has initiated adversary proceedings against three secured creditors

that, in summary, contest the validity of their liens, the enforceability of their debts,

and the authority of this Court to determine such matters.[1]  The Debtor has moved to withdraw the reference under 28 U.S.C. § 157(d) in each of these adversary proceedings.

The Debtor seeks a stay of all proceedings in the main bankruptcy case, including his confirmation hearing scheduled for August 20, 2025, pending the District Court's rulings on  the motions to withdraw the reference in the adversary proceedings. For the reasons stated herein, the Court denies the Debtor's motion for a stay.

Bankruptcy Rule 5011(c) provides that the filing of  a motion to withdraw the reference "does not stay proceedings in a case or affect its administration," but a bankruptcy judge "may, on proper terms and conditions, stay a proceeding until the motion is decided."  Bankruptcy Rule 5011(d) provides that a motion to stay a proceeding is ordinarily submitted first to the bankruptcy judge.

For a stay pending determination of a withdrawal request to be imposed, the moving party must demonstrate: the likelihood of prevailing on the merits, *i.e.*, that the pending motion to withdraw the reference will be granted; that movant will suffer irreparable harm if the stay is denied; that the other party will not be substantially harmed by the stay; and that the public interest will be served by granting the stay. *E.g., In re The Antioch Co.*, 435 B.R. 493, 497 (Bankr. S.D. Ohio 2010); *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. 79, 83 (Bankr. E.D. Pa. 2001); *In*

---

[1] 25-5111-pwb, *Solomon v. Georgia United Credit Union*; 25-5112-pwb, *Solomon v. PennyMac Financial Services*; and 25-5118, *Solomon v. JP Morgan Case Bank, NA*.

*re Eagle Enterprises, Inc.*, 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001). These factors are consistent with the requirements for obtaining a preliminary injunction. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Because the Debtor has not made any factual assertions regarding these criteria, no basis exists for entertaining a motion for a stay of the confirmation hearing under Bankruptcy Rule 5011(d). Nevertheless, the Court notes that, based on the allegations in the adversary complaints, the Debtor is not likely to prevail on the merits because this Court deems it unlikely that the District Court will withdraw the reference.

This is because, contrary to the Debtor's contentions about the Bankruptcy Court's jurisdiction to rule on his claims, the Bankruptcy Court is vested specifically with the authority to hear "core proceedings" arising under Title 11. 28 U.S.C. § 157(b)(1). "Core Proceedings" include matters concerning the administration of the estate; allowance or disallowance of claims against the estate; determinations of the validity, extent, or priority of liens; confirmations of plans; and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. 28 U.S.C. § 157(b)(2)(A), (B), (K), (L), (O). The Debtor's allegations, at their essence, fall within these categories and there is no discernible reason the District Court would withdraw the reference to sort out the debtor-creditor relationship of the parties and usurp the claims administration process.

Even if the Court were to limit its consideration of the motion to stay proceedings to just a stay of the Debtor's confirmation hearing, no basis exists for staying or continuing this hearing.

The Debtor lists four creditors (the Defendants in the adversary proceedings, as well as Georgia Power) in his schedules and denotes all of the debts as "disputed." [Doc. 1].  Both PennyMac Loan Services, LLC and JP Morgan Chase Bank, NA, have filed proofs of claim, but the Debtor has not objected to either claim.[2]

The Debtor's chapter 13 plan [Doc. 20] provides for no payment to creditors in sections 2.1 and 2.2, explaining that the amount of payments (or payments at all) are "pending outcome of Adversary Proceeding." [Doc. 20 at § 2.2].  In addition, section 8.1 of the proposed plan provides, "Rene Pierre Solomon has a Pending Quiet Title action in Superior Court and intends to file an Adversary Proceeding to resolve disputes regarding certain creditor claims.  Treatment of such claims under this plan are subject to the outcome of that litigation."  [Doc. 20 at § 8.1].

Simply put, the plan proposes that the Debtor litigate various disputes and, upon their resolution, somehow deal with the claims.  This is not how chapter 13 works. The purpose of chapter 13 is to permit a an individual with regular income to

---

[2] The Court notes that Merrick Bank, Capital One, N.A., American Express National Bank, and Jefferson Capital Systems, LLC, have also filed claims although the Debtor has not listed them in his schedules.

pay some or all of his debts and to keep some or all of his property through a plan that complies with the requirements of 11 U.S.C. § 1325.

The circumstances here suggest that the Debtor is not seeking chapter 13 relief in good faith:  his "plan" provides for nothing and is not confirmable on its face; he has not objected to the claims he disputes; and he has made what appear to be frivolous claims in the adversary proceedings.[3]  Confirmation is about whether the plan is confirmable.  Determination of confirmation issues does not depend on whether the District Court or this Court handles the adversary proceedings. No basis for staying or continuing the August 20 confirmation hearing exists.

Accordingly, it is

---

[3] In the Debtor's previous chapter 13 bankruptcy case, 24-61754-pwb, at the hearing on confirmation of the chapter 13 plan, after announcing that the Court would dismiss the case, the Court explained to the Debtor, "If you file again, I would hope that I would – that we would not see the type of nonsense that you have filed in this case because it does not help your case. If you are sincere about wanting to keep this property and you are sincere about wanting to pay off these debts in accordance with the provisions of the Bankruptcy Code, great. That's what chapter 13 is about. If you are filing a chapter 13 case without the intent of paying off these debts and all you want to do is dispute them, chapter 13 is not the right place to do that. File lawsuits in another court that take all the positions that you wanna take. But filing - they are not - that's not what chapter 13 is about. We are about handling legitimate disputes. If you don't owe this money for reasons other than you don't have the wet ink signature and because they haven't properly accounted for your payments or the arrearage is wrong, fine. But I am - the documents indicate that there are these claims there. We get, we get allegations like yours on a regular basis and in my experience not a single one of them has panned out. So we're here about handling legitimate disputes. We are not here about making things up because somebody on the internet says this is the way to do something in a chapter 13 case. So, I'm not restricting what you can or can't do, but I am cautioning you that taking positions that have no merit is not a good way to solve your problem." [24-61754-pwb, Doc, 73, Transcript of  March 12, 2025 Hearing, at 30:11 – 31:10].

ORDERED that the Debtor's motion for a stay of proceedings in the main bankruptcy case, including a stay of the Debtor's confirmation hearing, is denied without prejudice to the Debtor or any party seeking a continuance of the hearing on confirmation of the plan at its originally scheduled date and time.

**END OF ORDER**

**<u>Distribution List</u>**

Rene Pierre Solomon
6691 Church Street
#960314
Riverdale, GA 30296

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

And all creditors and parties in interest